FRANK, Judge.
In April of 1980 the City of Clearwater entered into a contract with certain owners of real property on Sand Key for the purpose of renourishing designated beach areas with sand dredged from the Clearwater Inlet. During the succeeding four years the owners became dissatisfied with the City’s progress in achieving the contractual objective. Thus, the owners sued the City. Counts I and II of the amended complaint sought, alternatively, to require the City to construct a one to twenty seaward slope, or to have the City pay damages for its failure to construct the slope required by the contract.
Following a non-jury trial, final judgment was entered for the owners. The trial court determined that although the parties’ contract did not expressly prescribe the degree of slope to be constructed, the bilat *1139 erally contemplated result was the natural slope described in a public notice dated October 29, 1979. The court also found that the City in the submission of drawings to the Department of Natural Resources, had indicated a natural slope, thus supporting the determination that a natural slope was intended. Finally, the court concluded that sound construction practices required the City to construct a natural slope.
The court ordered the City to deposit certain amounts of sand at designated areas along the beach. If, however, the City could not obtain the necessary permits, damages in the amount of $801,000 were to be paid to the owners.
We have fully reviewed the massive record and the briefs, and we have noted the differing views urged upon us by the City and the owners. We have found no significant question of law in our assessment of the trial court’s disposition of this matter. We have determined, however, that the judgment of the trial court is supported by competent, substantial evidence.
AFFIRMED.
SCHEB, A.C.J., and DANAHY, J., concur.